**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:12-cr-91 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| RONNIE D. BROWN, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING "DEFENDANT'S MOTION FOR EARLY
RELEASE (FIRST STEP ACT)" (DOC. 47)**

---

This case is before the Court on "Defendant's Motion For Early Release (First Step Act)" (Doc. 47) (the "Motion") filed by Ronnie D. Brown ("Brown"). Brown is currently incarcerated at Milan FCI [Federal Correctional Institution] in Michigan. The United States (the "Government") filed a response (Doc. 49), opposing the Motion on multiple grounds. Brown did not file a reply in support of the Motion, and the time to do so has now passed. The matter is ripe for review.

In the Motion, Brown, through counsel, asks that the Court "commute his sentence or grant his early release to home confinement in response to the COVID-19 pandemic." (Doc. 47 at PAGEID # 294.) In support of his Motion, Brown argues that he should be released to home confinement under the First Step Act, as broadened by passage of the CARES Act[1] in response to COVID-19. (*Id.* at PAGEID # 294-95.) Brown also references 18 U.S.C. § 3582(c)(1)(A) and asserts that "COVID-19 is an extraordinary and compelling reason not foreseeable at the time of

---

[1] The CARES Act is the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).

1

sentencing."  (*Id.* (internal quotation marks omitted).)

First, to the extent that Brown requests a release to serve his sentence on home confinement, the Court lacks the authority to do so.  In essence, Brown asks that the Court order the Bureau of Prisons ("BOP") to change the place where his sentence will be served from Milan FCI to his home.  However, it is the BOP that has the authority to determine the place of a defendant's confinement, not the courts.   18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP").

The CARES Act did not change this fact.  *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2)[2]; *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *United States v. Rocha-Ayon*, No. 2:17-cr-48, 2020 U.S. Dist. LEXIS 80616, at *1-2 (S.D. Ohio May 7, 2020)

---

[2] That provision states: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."

2

(denying defendant's motion to order the BOP to permit him to serve the remainder of his sentence on home confinement, and collecting cases); *United States v. Ralston*, No. 3:13-cr-105, 2020 U.S. Dist. LEXIS 89106, at *2-3, 2020 WL 2600976 (W.D. Ky. May 21, 2020) (explaining that the CARES Act expanded the period of home confinement that the Director of the BOP can authorize for a prisoner during the COVID-19 emergency period, finding that courts have no authority under the CARES Act to order that a prisoner be placed on home confinement, collecting cases, and explaining how a prisoner may be able to seek court review of the BOP's decision but would first need to exhaust administrative remedies).

Second, to the extent that Brown otherwise seeks a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court likewise lacks the authority to do so because Brown has not fulfilled the statute's exhaustion requirement. Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (if "the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison") (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).[3]

---

[3] *See also Alam*, 960 F.3d at 836 ("inmates can identify the ongoing public health crisis in their initial petition to their wardens. If that doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court").

The exhaustion requirement in Section 3582(c)(1)(A) is not a jurisdiction rule; it is a mandatory claim-processing rule. *Alam*, 960 F.3d at 833-34. A defendant will be unable to "show that exceptions to mandatory claim-processing rules—waiver or forfeiture—apply" if the Government timely objects to the defendant's failure to exhaust. *Id.*, at 834. As the Sixth Circuit explained, "[w]hen properly invoked, mandatory claims-processing rules [like the exhaustion requirement in Section 3582(c)(1)(A)] must be enforced," and they are not subject to judge-made exceptions. *Id.* (internal quotation marks omitted); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"). The statute's "exhaustion requirement serves valuable purposes … and because it is mandatory[,] … we must enforce it." *Alam*, 960 F.3d at 832.[4]

Given the lack of any indication that Brown has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and the Government's timely objection on that basis (*see* Doc. 49), the Court cannot grant the Motion. Therefore, the Court **DENIES** Brown's Motion (Doc. 47) without prejudice to filing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying the statute's exhaustion requirement.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 23, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[4] The Sixth Circuit further explained: "Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Alam*, 960 F.3d at 835.