**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:12-cr-00091 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| RONNIE D. BROWN, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE (DOC. 52)**

---

This case is before the Court on the Motion for Early Release (Doc. 52) (the "Motion"), filed by Ronnie D. Brown ("Brown"). Brown is currently incarcerated at Milan FCI [Federal Correctional Institution] in Michigan. He asks the Court to commute his sentence or grant him an early release to home confinement in response to the COVID-19 pandemic. (Doc. 52 at PAGEID # 327.) The United States (the "Government") filed a Response to the Motion (Doc. 53) (the "Response"), in which the Government opposes the Motion. Brown then filed a reply in support of the Motion (the "Reply"). (Doc. 54.) The matter is ripe for review.[1] For the reasons discussed

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, the Court previously denied a similar motion by Brown because he had not fulfilled the statute's exhaustion requirement. (Doc. 51.) However, Brown now says that he made a request to the Warden and that the Warden

below, the Court **DENIES** Brown's Motion.

I.      **BACKGROUND**

Brown appeared before the undersigned on two separate matters, Case Numbers 3:11-cr-173 and 3:12-cr-91. In Case Number 3:11-cr-173, the Government filed a two-count Superseding Indictment, charging Brown with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) for possession with intent to distribute more than 100 grams of heroin, as well as violating 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. (No. 3:11-cr-173 at Doc. 25.) Brown pleaded guilty to both counts. (*See id.* at Doc. 48.) The charges arose from the recovery of bags of drugs and a loaded semi-automatic handgun from a vehicle that Brown had crashed while driving under the influence of alcohol. (*See id.* at Doc. 39.) Brown had lost control of the vehicle, crossed over a median, struck a tree, rolled, and stopped in front of a public building. (*Id.*) Brown had intended to sell the drugs—confirmed to contain heroin and weigh over 100 grams—for profit. (*Id.*)

In Case Number 3:12-cr-91, the Government filed a single-count Indictment, charging Brown with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846 for conspiracy to possess with intent to distribute more than five kilograms of cocaine. (No. 3:12-cr-91 at Doc. 3.) Brown pleaded guilty to the charge. (*See* No. 3:12-cr-91 at Doc. 24.) The charges arose from Brown's involvement in a drug trafficking organization for which Brown supplied large quantities of cocaine. (*See id.* at Doc. 15.) During their investigation, officers recovered over three kilograms of cocaine, two loaded pistols, and thousands of dollars in cash. (*Id.*) Officers separately recovered approximately $50,000 in U.S. currency from Brown's vehicle, as well as $170,000 in U.S.

---

denied it, although he does not provide any evidence of that process. (Doc. 52 at PAGEID # 327.) Regardless, the Government does not contest exhaustion (*see, e.g.,* Doc. 53 at PAGEID # 337), so the Court proceeds with the understanding that Brown could move for compassionate release on his own behalf.

currency (which represented drug proceeds obtained by Brown), empty kilogram wrappers, and a firearm from Brown's apartment. (*Id.*) During the time period relevant to the Indictment, Brown had supplied in excess of five kilograms of cocaine to other individuals. (*Id.*)

After pleading guilty in both cases, Brown was initially sentenced to a total term of 144 months imprisonment and five years of supervised release. (No. 3:11-cr-173 at Doc. 48; No. 3:12-cr-91 at Doc. 24.) The Court subsequently granted a motion that Brown filed pursuant to 18 U.S.C. § 3582, reducing Brown's total term of imprisonment to 127 months. (No. 3:12-cr-91 at Doc. 45.) The Final Presentence Investigation Report ("PSI") regarding Brown provided additional information about the circumstances of the offenses, and it identified seven other adult criminal convictions and numerous other minor convictions. (PSI ¶¶ 10, 18, 24-33, 64-71.) The PSI also indicated that Brown showed remorse for his actions. (*Id.* at ¶ 37-38.) Brown is currently 41 years old and has an anticipated release date of June 12, 2022. *See* https://www.bop.gov/inmateloc.

## II. ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that

3

does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps." *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.
[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

4

promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11 ("[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980 F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for

---

[4] In *Elias*, while not mandating that future courts apply the two-part test used by the district court in that case, the Sixth Circuit held that the district court did not abuse its discretion in applying a "two-part test for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520-21 (the district court did not abuse its discretion in relying on that two-part test; the district court properly considered the Centers for Disease Control and Prevention (CDC) guidance in effect at the time, a scientific journal, and information from the BOP concerning the number of reported COVID-19 cases at the prison). Additionally, the Sixth Circuit held that a district court may deny a motion for compassionate release if the defendant does not provide any records in the motion to support his or her claimed medical ailment(s). *Id.*

compassionate release." *Id.*; *see also Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions"). Thus, U.S.S.G. § 1B1.13 currently is not an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

  (5) any pertinent policy statement--

   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

   (B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or

post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

### B. Application

Brown asks that the Court grant the Motion and "commute his sentence or grant his early release to home confinement in response to the COVID-19 pandemic." (Doc. 54 at PAGEID # 346.) Brown says that he "suffers from obesity, hypertension, and a diabetic condition, which may place him at a higher risk for infection and complications from COVID-19." (*Id.* at PAGEID #

8

347.<sup>5</sup>) He adds that, aside from his "significant Covid-19 concerns, [his] mother has been diagnosed with terminal Stage 4 cancer" and is being cared for by his younger brother, who is paralyzed and in a wheelchair. (Doc. 52 at PAGEID # 331.)

Additionally, Brown argues that, having now served the majority of his sentence, "[t]he length of his incarceration adequately addresses the seriousness of the offense, deters criminal conduct, and protects the public under § 3553(a)." (Doc. 54 at PAGEID # 348.) He also argues that his crimes were non-violent, his prison record and rehabilitative efforts have been exemplary, and he has a release plan and anticipated employment. (Doc. 52 at PAGEID # 328, 330-32.) Brown says that he is expected to graduate from a faith-based re-entry program this June, "after which he is expected to be transferred to a halfway house." (*Id.* at PAGEID # 328.) He argues this implies a "pre-determination that Brown will not pose a threat to the community." (*Id.*) He asserts that "[h]e poses no safety threat to the community if his release is granted." (*Id.* at PAGEID # 331.)

In response, the Government argues that this Court lacks the authority to grant Brown's request to serve the rest of his term in home confinement and that Brown has not demonstrated that he is eligible for release under Section 3582(c)(1)(A). (*See* Doc. 53.) It also argues that Brown's circumstances do not amount to the "extraordinary and compelling" level. (*Id.*) And, the Government argues that the nature and circumstances of Brown's crimes and his history and characteristics weigh against relief under the applicable factors set forth in Section 3553(a). (*Id.*) More specifically, the Government asserts that, based on Brown's crimes and history, "the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public" cut against granting him relief. (*Id.* at PAGEID # 343.)

---

<sup>5</sup> Brown attached to the Reply an unauthenticated document that appears to be a BOP record indicating that Brown is obese and suffers from hypertension, among other ailments. (Doc. 55 at PAGEID # 351-52.)

9

1. Preliminary matters

The Court must address a couple of preliminary issues. First, to the extent that Brown asks the Court to release him to home confinement for the remainder of his sentence (*see* Doc. 52 at PAGEID # 328), it amounts to him asking the Court to order a change in the place where his sentence will be served (from Milan FCI to his home), not to order a reduction in his sentence. The Court previously informed Brown, in its order from less than six months ago, that it lacks the authority to grant such a request. (*See* Doc. 51 (explaining that "[i]t is the BOP that has the authority to determine the place of a defendant's confinement, not the courts," and citing supporting law).) As the Court said in that earlier order, the CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP").

Second, to the extent that Brown is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments (*see* Doc. 52 at PAGEID # 329), a compassionate release motion is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations. *See, e.g.*, *United States v. Smith*, No. 3:17-cr-25-TMR-1, 2020 U.S. Dist. LEXIS 213050, 2020 WL 6702173, at *6 n.8 (S.D. Ohio Nov. 13, 2020) (collecting cases).

2. Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

The Court now turns to Brown's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A)(i). (*See* Doc. 54 at PAGEID # 346

(explaining that Section 3582(c)(1)(A) expressly permits the Court to reduce an inmate's sentence after the inmate has fully exhausted his administrative rights under prescribed conditions).) Regarding step one, for the purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Brown has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[6]  Regarding step two, given that Brown (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision.  *Jones*, 980 F.3d at 1111.

However, that does not end the Court's inquiry.  There is still the third step: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case.  *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i).  This includes that the Court considered Brown's history and characteristics, such as his asserted behavior in prison, rehabilitation efforts, and educational or vocational training while incarcerated.  *See* 18 U.S.C. § 3553(a)(1).  Brown has also expressed remorse for his actions, and he now has served the majority of his prison term.  The Court also acknowledges the challenging conditions at Milan FCI during the current COVID-19 pandemic and Brown's health issues.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

---

[6] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Brown qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i).  As shown herein, the Court need not actually conduct that analysis to decide the Motion.  *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

11

Yet, the "nature and circumstances of the offense" do not favor a reduction in the term of imprisonment. *See* 18 U.S.C. § 3553(a)(1). The offenses for which Brown is currently incarcerated were two separate drug cases involving the recovery of loaded firearms and large quantities of dangerous drugs, including heroin and cocaine. These were serious offenses, as Brown seems to acknowledge. (*See* Doc. 54 at PAGEID # 347.) Brown's prior involvement in large-scale drug trafficking activities with firearms continues to concern the Court. The Court finds that the nature and circumstances of those offenses weigh strongly against warranting a sentence reduction. 18 U.S.C. § 3553(a)(1); *see also* 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B), (a)(2)(C). Additionally, Brown was driving while under the influence on July 28, 2011 when he committed the offenses in Case No. 3:11-cr-173, and his criminal history indicates that he had previously been convicted of driving while under the influence. (*See* PSI at ¶¶ 69, 84.) The Court finds that the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the factors set forth in section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, even if steps one and two authorized the requested reduction, the Court finds that consideration of the applicable Section 3553(a) factors warrants denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a

compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III.    CONCLUSION

Although the Court recognizes Brown's asserted medical ailments, commends his prison record and his extensive achievements and efforts to better himself while incarcerated (*see, e.g.,* Doc. 52 at PAGEID # 330-31), and is sympathetic to his arguments about the fear of contracting COVID-19 and his mother's medical diagnosis, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A).  The Court is encouraged by Brown's progress while in prison, but it agrees with the Government that his motion to reduce his sentence should not be granted after considering the applicable Section 3553(a) factors.  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 50).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 16, 2021.

                                                                                          s/Thomas M. Rose

                                                                                          THOMAS M. ROSE
                                                                   UNITED STATES DISTRICT JUDGE